**JIE LI also known as Julie, Petitioner,**

**v.**

**Eric H. HOLDER Jr., United States Attorney General, Respondent.**

**No. 09–0389–ag.**

United States Court of Appeals, Second Circuit.

July 23, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Gladys M. Steffens Guzman, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Jie Li, a native and citizen of China, seeks review of a January 9, 2009 order of the BIA affirming the November 15, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson denying her application for asylum, withholding of removal, and CAT relief. *In re Jie Li*, No. A096 443 223 (B.I.A. Jan. 9, 2009), *aff'g* No. A096 443 223 (Immig. Ct. N.Y. City Nov. 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, we "defer ... to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could

make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008).

### I. Asylum

■ We lack jurisdiction to review the IJ's decision insofar as she found that Li's application for asylum was untimely. *See* 8 U.S.C. § 1158(a)(3). While we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D), Li has made no such argument. Her contention that being detained in connection with a state criminal case constitutes an extraordinary circumstance sufficient to excuse the untimely filing of her asylum application is precisely the type of factual argument we lack jurisdiction to review. *See* 8 U.S.C. § 1158(a)(3). We dismiss the petition for review to that extent.

### II. Withholding of Removal and CAT Relief

■ By failing to file a brief with the BIA, Li arguably failed to exhaust any challenge to the IJ's adverse credibility determination. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Nonetheless, substantial evidence supports the IJ's adverse credibility determination, where the IJ properly found that: (1) Li's testimony regarding the dates on which she underwent an alleged forced abortion were inconsistent with the medical records that she submitted in support of her asylum application; and (2) she responded in an evasive manner after she was confronted with an inconsistency between her testimony and the medical records that she submitted regarding the time of day that she was released from the hospital. While Li offered explanations before the agency that were responsive to these findings, the agency did not err in rejecting them. *See Majidi*

*v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir. 2005).

Having called Li's credibility into question, the IJ properly noted the absence of corroborative evidence in the record. Indeed, the only documents that Li presented were her own statement, a letter she wrote to her husband asking him to send her corroborative documentation, and unauthenticated medical records that contradicted her testimony. As the IJ observed, an affidavit from Li's husband would have supported her application where Li testified that she informed him of the details of the alleged forced abortion when he visited her in the hospital. Further, although Li argues that the IJ erred in failing to question her about the availability of additional corroborative documents, the IJ was not required to engage in such questioning. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006) (holding that when the applicant is not otherwise credible, an IJ need not show that evidence was reasonably available to the applicant before relying on a lack of corroboration to support an adverse credibility finding).

To the extent Li challenges the IJ's other credibility findings, we decline to consider these arguments. Even if the IJ's remaining findings were in error, remand would be futile as it can be confidently predicted that the agency would reach the same conclusion on remand. *Id.* at 339. Ultimately, because substantial evidence supported the IJ's adverse credibility determination, the IJ properly denied Li's application for withholding of removal and CAT relief where the only evidence that she would be persecuted or tortured depended on her credibility. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).